CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
October 24, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **JULLIAN HUFFMAN,** | ) | |
| Plaintiff, | ) | Case No. 7:24CV00384 |
| v. | ) | **OPINION** |
| **CO POOLE, ET AL.,** | ) | JUDGE JAMES P. JONES |
| Defendants. | ) | |

*Jullian Huffman, Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Huffman alleges that jail officials provided him with a sleeping mat that "was to [sic] short for [him] and was missing the pillow." Compl. 2, ECF No. 1. When an officer brought a replacement, it was "just as bad." *Id.* Huffman asked for another in "standard condition," the officers said they would bring one, but they "lied" and failed to do so. *Id.* at 2, 3. As relief, Huffman seeks a standard mat, $2000, and an apology letter. Upon review of the record, I find that the action must be summarily dismissed for failure to state a claim.

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). Under 42 U.S.C.

§ 1997e(c)(1), the court must dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." To avoid such a dismissal, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555. 570 (2007).

The Eighth Amendment protects prisoners from cruel and unusual living conditions. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "[T]he Constitution does not mandate comfortable prisons," however, and conditions that are "restrictive and even harsh . . . are part of the penalty that criminal offenders pay for their offenses against society." *Id.* at 347–49. It is well established that "only the unnecessary and wanton infliction of pain" implicates the Eighth Amendment. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (internal quotation marks and citation omitted). To sustain an unconstitutional conditions claim, a prisoner must show that: (1) objectively, the deprivation was sufficiently serious, in that the challenged, official acts caused denial of "the minimal civilized measure of life's necessities"; and (2) subjectively, the defendant prison officials acted with "'deliberate indifference' to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations omitted). The prisoner must show "significant

physical or emotional harm, or a grave risk of such harm," resulting from the challenged conditions. *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995).

Huffman's allegations describe nothing more than an uncomfortable and temporary situation — a sleeping mat that did not meet his expectations. These allegations do not state facts showing that this incident caused Huffman any serious physical or emotional injury. Thus, Huffman has not stated a claim that the defendants' alleged actions deprived him of any necessity of life or caused him any harm so as to constitute cruel and unusual punishment under the Eighth Amendment.

For the reasons stated, I will summarily dismiss this action, pursuant to 42 U.S.C. § 1997e(c)(1), for failure to state a claim.

A separate Final Order will be entered herewith.

DATED: October 24, 2024

/s/ JAMES P. JONES
Senior United States District Judge